## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
|     Charmaine Prater, | : | |
|         Debtor. | : | Bankruptcy No. 10-15730-mdc |

## MEMORANDUM

### I. INTRODUCTION

On September 23, 2010, the Court conducted a hearing on the Chapter 13 Standing Trustee (the "Trustee") motion dated August 24, 2010 in which the Trustee requested this Court dismiss the bankruptcy petition filed by Charmaine Prater (the "Debtor") due to: (1) the Debtor's failure to file a plan that complies with 11 U.S.C. § 1322(a)(1) in that the Debtor has not provided all or such portion of her future income to the supervision and control of the Trustee as is necessary for the execution of the plan; (2) the Debtor's failure to file a plan that complies with 11 U.S.C. § 1322(a)(4) in that the Debtor has not provided all of her disposable income to the plan for a 5-year period beginning on the first day that a payment is due; and (3) the Debtor's failure to commence or continue making timely payments to the Trustee as required by 11 U.S.C. Section 1326(a)(1) (the "Motion to Dismiss"). After considering the parties' pleadings and the evidence presented at the hearing, the Court issued an order dated September 24, 2010 in which this Court denied the Trustee's Motion to Dismiss and placed certain conditions upon the Debtor's continuance of this bankruptcy proceeding.

The following written decision is consistent with this Court's September 24, 2010 order.

## II. PROCEDURAL BACKGROUND

On July 13, 2010, the Debtor acting *pro se* filed a bankruptcy petition under chapter 13 of the Bankruptcy Code (the "Petition") of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Code"). Subsequent to the filing of her Petition, the Debtor has filed with this Court a myriad of motions, none of which relate to the Debtor's obligations as a chapter 13 debtor under the Code.

In recognition of the Debtor's failure to abide by her obligations, the Trustee filed a motion to dismiss dated July 30, 2010 (the "Original Motion"). In the Trustee's Original Motion, the Trustee requested that the Debtor's bankruptcy case be dismissed on the ground that "Debtor(s) has/have failed to file all required schedules, and/or a plan under 11 U.S.C. Section 1321." A hearing on the Trustee's Original Motion was scheduled for September 16, 2010 (the "September 16th Hearing").

In response to the Original Motion, the Debtor filed a motion to compel dated August 4, 2010 (the "Motion to Compel"). In the Motion to Compel, the Debtor demanded that the Chapter 13 Standing Trustee identify the documents the Debtor has failed to file that constituted the basis of the Original Motion. In response to the Motion to Compel, this Court issued an order dated August 10, 2010 requiring the Trustee to file within seven days an amended motion to dismiss identifying the specific documents that he alleges the Debtor to have failed to file. Rather than file an amended motion, the Trustee filed the present Motion to Dismiss. The Motion to Dismiss was scheduled to be heard by this Court at a hearing to be held on September 23, 2010.

Simultaneous to this Court's consideration of the Trustee's motions to dismiss, this Court was also presented with a multitude of motions relating to the Debtor's request to file certain

2

documents under seal. The Debtor's original motion to file under seal was filed on July 13, 2010 (the "Motion to File Under Seal") in conjunction with the filing of her Petition and originally scheduled for a hearing on August 12, 2010 (the "August 12th Hearing"). However, in an emergency motion dated August 3, 2010 (the "Continuance Motion") filed by the Debtor, the Debtor requested a continuance of the August 12th Hearing to permit her time to retain counsel. In response to the Continuance Motion, this Court issued an order dated August 10, 2010 (the "Continuance Order") granting the Continuance Motion and rescheduling the August 12th Hearing to September 16, 2010 to be held in conjunction with this Court's consideration of the Trustee's Original Motion.[1] Despite having been granted a continuance to obtain counsel, the Debtor failed to present any evidence at the September 16th or September 23rd hearing of her attempts to retain counsel.

Because the Trustee abandoned its Original Motion, the September 16th hearing was ultimately limited to matters raised by the Debtor's Motion to File Under Seal. After considering the parties' pleadings and the evidence presented at the September 16th Hearing, this Court found that the Debtor had presented evidence that the disclosure of the address of her home and the identity and address of her employer would create an undue risk of unlawful injury to the Debtor. On that basis, this Court permitted the Debtor to file certain information relating to her bankruptcy case under seal. This Court's decision was memorialized in an Order dated September 22, 2010.

On September 23, 2010, this Debtor and the Trustee appeared before this Court to address the Trustee's Motion to Dismiss. At the hearing, the Debtor failed to present evidence

---

[1] Evidencing the Debtor's habit of engaging of redundant and nonsensical motion practice, the Debtor nevertheless filed a second emergency motion dated August 11, 2010 (the "Second Continuance Motion"). In Second Continuance Motion, the Debtor requested another continuance of August Hearing despite this Court already having granted her the relief she sought.

that she had filed a plan of reorganization that complies with 11 U.S.C. § 1322 and F.R.B.P. 3015. In addition, it was established that the Debtor had failed to start making plan payments to the Trustee as required by 11 U.S.C. § 1326(a)(1). Also at the hearing, this Court questioned the Debtor with regard to the accuracy of her schedules. According to the Debtor's schedules, the Debtor disclosed that she has average monthly income of $7,105.00 that includes $1,800.00 in child support payments, and average monthly expenses of $789.00 leaving her with a net monthly income of $6,316.00. The Debtor did not deny the accuracy of her schedules nor the amount of her net monthly income.

### III.    DISCUSSION

When a debtor has filed a bankruptcy petition without a reorganizational purpose, a court may *sua sponte* raise the issue of whether a debtor's petition may be dismissed pursuant to 11 U.S.C. §§ 105(a) and 1307(c) due to a lack of good faith. *See In re Lilley*, 91 F.3d 491, 496 (3d Cir. 1996) (finding that lack of good faith is sufficient cause for dismissal under 11 U.S.C. § 1307(c)); *Jablonski v. I.R.S.*, 204 B.R. 456, 458 (W.D. Pa. 1996); *In re Fricker*, 116 B.R. 431, 442 (Bankr. E.D. Pa. 1990) ("we are empowered to dismiss a bankruptcy case sua sponte). Having reviewing the multitude of filings made by the Debtor, this Court is unable to discern a reorganizational purpose of this bankruptcy proceeding. This Court will not extend the protections provided by the Bankruptcy Code to a debtor who is apparently unwilling to abide by its procedures.

This proceeding does not appear to be a matter that involves insolvency. The Debtor titled her plan "Repayment Plan to *true* Creditors" (emphasis added) [Docket No. 6]. Moreover, in her schedules, she has refused to list any debts that she believes are illegitimate. The Debtor is obviously dissatisfied with the results of state court proceedings in which she attempted to

4

contest the legitimacy of her debts and lost. Her Petition and subsequent conduct in this bankruptcy suggest that her Petition was filed as a litigation tactic meant to frustrate the lawful collection efforts of her creditors. The purpose of this proceeding does not appear to relate to the Debtor's inability to repay her debts but her belief that certain debts she is alleged to owe are illegitimate. If true, this purpose is not consistent with the purposes of the Bankruptcy Code. *See In re Cohn*, 54 F.3d 1108, 1113 (3d Cir. 1995) ("The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start.").

Because the Debtor has not had the opportunity to address whether she filed her Petition in good faith, this Court will grant her (or counsel if retained before the scheduled hearing) the opportunity to present evidence on the issue. In the interim, this Court will require that the Debtor begin acting in accordance with her obligations under the Code. The Debtor will file an amended plan of reorganization that addresses the repayment treatment of all of her creditors, not just the ones she deems entitled to payment. If she disputes the amounts owed to any specific creditor, she is free to institute the appropriate adversary proceeding.

In addition, the Debtor shall commence making plan payments to the Trustee. As established by the Debtor's schedules and corroborated by the Debtor's testimony at the September 23rd Hearing, the Debtor has a monthly net income of $6,316.00 that includes $1,800 in child support payments. Therefore, this Court finds her disposable income, as defined by 11 U.S.C. § 1325(b)(2), is equal to $4,516.00. Because of the Debtor's refusal to provide evidence of the total amount of claims against her, this Court will infer that monthly payments of $4,516.00 will be insufficient to adequately fund a chapter 13 plan consistent with § 1325(b)(1)(A). As a result, the Debtor will be required to make plan payments consistent with §

1325(b)(1)(B) thereby requiring her to deliver to the Trustee plan payments in the amount of $4,516.00.

IV.  **CONCLUSION**

On or before Thursday, October 7, 2010, the Debtor shall file an amended plan of reorganization that complies with the requirements of 11 U.S.C. § 1322 *et seq.* and F.R.B.P. 3015. In addition, on or before Thursday, October 7, 2010, the Debtor shall deliver to the Trustee a plan payment in the amount of $4,516.00 consistent with the Debtor's obligations pursuant to 11 U.S.C. § 1326(a)(1).

Finally, this Court will schedule a hearing to consider (1) whether the Debtor filed her bankruptcy petition without a valid reorganizational purpose; and (2) whether pursuant to 11 U.S.C. §§ 105(a) and 1307(c) this bankruptcy case shall be dismissed due to the Debtor's bad faith filing of her bankruptcy petition.

Date: 10/21/10

_____
**MAGDELINE D. COLEMAN**
**U.S. BANKRUPTCY JUDGE**